IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHERYL BRENTON, | ) | C 09-4766 JSW (PR) |
| | ) | |
| Petitioner, | ) | **ORDER OF DISMISSAL** |
| | ) | |
| vs. | ) | |
| | ) | (Docket No. 2) |
| PAUL COPENHAVER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a federal prisoner incarcerated in Dublin, California, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241. She argues that officials at the prison have failed to individually consider her for release to a Community Corrections Center ("CCC") and for home confinement in violation of her constitutional rights. She has filed a motion to proceed *in forma pauperis* which is now DENIED as Petitioner has more than ample funds to pay the $5.00 filing fee (docket no. 2).

Section 2241 does not specifically require petitioners to exhaust available remedies before filing petitions for a writ of habeas corpus. *Castro-Cortez v. INS*, 239 F3d 1037, 1047 (9th Cir. 2001). Nonetheless, the Ninth Circuit requires "as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Id.* (citations omitted). The requirement may be waived in limited circumstances because it is not a jurisdictional prerequisite. *Id.; see, e.g., Laing v. Ashcroft*, 370 F.3d 994, 1000-01 (9th Cir. 2004) (listing circumstances when waiver of exhaustion requirement may be appropriate).

Petitioner claims that the exhaustion requirement should be waived in her case. She argues

that exhausting her claim through the BOP's administrative appeals process would be futile. (Petition at 3.) She argues that the BOP issues a form letter stating that the individual has been considered and denied based on individual needs while "staff" tell prisoners that they are being categorically denied. Petitioner mentions a "town hall" meeting at the prison in 2009 but does not identify the identity of the person or the statements that were made. Generalized statements by unidentified staff members who may or may not be authorized to speak to the issue do not show a sufficient justification for her to skip the administrative appeal process. The actual BOP decision makers should decide her case before this Court does.

Petitioner also argues that exhaustion is futile because the deputy director who will review the warden's decision is married to him. However, the regulations provide for the regional director, and then the general counsel, to review the warden's decision, and do not provide for the deputy director to play a role in the review process. See 28 C.F.R. § 542.15. It is far from clear that Petitioner's pursuit of administrative remedies would be futile. Waiver of the exhaustion requirement is not warranted under these circumstances.

## CONCLUSION

In light of the foregoing, the petition for a writ of habeas corpus is DISMISSED without prejudice to refiling after exhausting the BOP's administrative appeals process. The Clerk shall close the file and enter judgment in accordance with this order.

IT IS SO ORDERED.

DATED: May 3, 2010

JEFFREY S. WHITE
United States District Judge

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL BRENTON,<br><br>        Plaintiff,<br><br>  v.<br><br>PAUL COPENHAVER et al,<br><br>        Defendant.<br>_____/ | Case Number: CV09-04766 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 3, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Cheryl Brenton
41437-048
5675 8th Street Camp Parks
Dublin, CA 94568

Dated: May 3, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk